[Cite as *Easley v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-3876.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DAVID EASLEY

    Plaintiff

    v.

DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant

Case No. 2008-11249

Judge Clark B. Weaver Sr.
Magistrate Matthew C. Rambo

MAGISTRATE DECISION

{¶ 1} Plaintiff brought this action alleging that he was assaulted by an employee of defendant. The issues of liability and damages were bifurcated and the case proceeded to trial on the issue of liability.

{¶ 2} At all times relevant, plaintiff was an inmate in the custody and control of defendant at the Southern Ohio Correctional Facility (SOCF) pursuant to R.C. 5120.16. Plaintiff testified that on November 11, 2008, he was housed in the J2 "segregation" unit of SOCF, which meant that his meals were delivered to him by an inmate porter through the "food hatch" (hatch) in his cell. According to plaintiff, the inmate porter delivering his dinner on the day in question did not give him any juice and, when plaintiff complained, the corrections officer on duty replied "fuck your juice, you ain't getting none." Plaintiff stated that he then asked to see a "white shirt," a superior officer, but the officer on duty refused his request. Plaintiff testified that to protest the refusal, he stuck his right arm

out of the hatch, and the officer subsequently slammed the hatch on his arm, causing injury.  Plaintiff asserts that the officer's action constitutes an assault.

{¶ 3} The Ohio Administrative Code sets forth the circumstances under which force may be lawfully utilized by prison officials and employees in controlling inmates. Ohio Adm.Code 5120-9-01(C) provides, in relevant part:

{¶ 4} "(2)  Less-than-deadly force.  There are six general circumstances in which a staff member may use force against an inmate or third person.  A staff member may use less-than-deadly force against an inmate in the following circumstances:

{¶ 5} "(a)  Self-defense from physical attack or threat of physical harm;

{¶ 6} "(b)  Defense of another from physical attack or threat of physical attack;

{¶ 7} "(c)  When necessary to control or subdue an inmate who refuses to obey prison rules, regulations or orders;

{¶ 8} "(d)  When necessary to stop an inmate from destroying property or engaging in a riot or other disturbance;

{¶ 9} "(e)  Prevention of an escape or apprehension of an escapee, or;

{¶ 10}     "(f) Controlling or subduing an inmate in order to stop or prevent self-inflicted harm."

{¶ 11}     The court has recognized that "corrections officers have a privilege to use force upon inmates under certain conditions.  * * *  However, such force must be used in the performance of official duties and cannot exceed the amount of force which is reasonably necessary under the circumstances.  * * *  Obviously, 'the use of force is a reality of prison life' and the precise degree of force required to respond to a given situation requires an exercise of discretion by the corrections officer."  *Mason v. Ohio Dept. of Rehab. & Corr.*  (1990), 62 Ohio Misc.2d 96, 101-102.  (Internal citations omitted.)

{¶ 12}     James Campbell testified that he has served as a corrections officer at SOCF for the past four years and that he is the staff member whom plaintiff alleges

assaulted him. Campbell testified that on the day of the incident, he was stationed in front of plaintiff's cell on "suicide watch" duty. According to Campbell, when he opened the hatch to allow the inmate porter to give plaintiff his food tray, plaintiff immediately reached through the hatch. Campbell stated that he ordered plaintiff to put his arm back in the cell, but plaintiff refused and attempted to grab him. Campbell testified that he then used a "joint manipulation technique" on plaintiff's wrist to force his arm back into the cell and close the hatch. Campbell stated that he contacted his supervisor soon after the incident, that a nurse came to the cell to examine plaintiff, and that he filed a report as a result of the incident. (Defendant's Exhibit B.)

{¶ 13} Roseanna Clagg is a registered nurse and the healthcare administrator for SOCF. Clagg testified that Nurse Lisa Beck examined plaintiff at his cell and that no physical injury was noted in plaintiff's medical record. (Defendant's Exhibit A.)

{¶ 14} SOCF's video surveillance system captured the incident. (Plaintiff's Exhibit 1.) A review of the video shows: the inmate porter approaches plaintiff's cell with a tray of food; Campbell unlocks and opens the hatch; the inmate porter places the tray in the hatch and plaintiff drew it into his cell; the inmate porter then attempts to close the hatch but plaintiff thrusts his left arm out of the hatch; Campbell issues an order to plaintiff; Campbell makes several unsuccessful attempts to force plaintiff's arm back into the cell and to close the hatch; Campbell then removes a can of chemical spray from his belt whereupon plaintiff pulls his arm into the cell; and finally, Campbell closes and locks the hatch.

{¶ 15} Based upon the foregoing, the court finds that the video recording of the incident contradicts plaintiff's testimony that it was his right arm that was out of the hatch when the video clearly shows that it was his left arm. The court concludes based upon the video evidence and Campbell's testimony that Campbell did not use excessive force in defending himself and making plaintiff comply with his orders. Furthermore, the court finds that plaintiff did not suffer any injury as a result of the incident. Accordingly, judgment is recommended in favor of defendant.

**{¶ 16}** *A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

_____
MATTHEW C. RAMBO
Magistrate

cc:

Eric A. Walker                          David Easley, #306-400
Assistant Attorney General              P.O. Box 45699
150 East Gay Street, 18th Floor         Lucasville, Ohio 45699
Columbus, Ohio 43215-3130

MR/dms
Filed July 11, 2011
To S.C. reporter August 2, 2011